GERNDT, Respondent, vs. CONRADT, Appellant.

*February 5—February 24, 1903.*

*Sales: Ownership in common: Division of proceeds: Statute of frauds.*

1. One A. G. and the defendant together purchased a stump puller, giving three notes for the price. Title was to remain in the vendor until full payment. They paid the first two notes equally, but defendant alone paid the third. He was then in possession of the machine, and afterwards sold it. Plaintiff, who had bought the interest of A. G., sued to recover one half of the proceeds of the sale. *Held*, that he could recover at most only one half of such proceeds after deducting the amount of the third note, paid by defendant.

2. Under sec. 2308, Stats. 1898 (providing that every oral contract for the sale of chattels for the price of $50 or more shall be void unless the buyer accept and receive part of the goods or pay part of the purchase money), plaintiff's testimony that he bought the undivided interest of A. G. in the machine owned by A. G. and defendant and in the possession of the latter, "to the amount" that A. G. "said he paid, about $63," does not show any title in plaintiff.

APPEAL from a judgment of the circuit court for Waupaca county: J. J. FRUIT, Judge. *Reversed.*

In 1884, Albert Gerndt and the defendant together purchased a stump puller at price of $150, for which they gave their three joint and several notes of $50 each, the first two

of which were paid by them equally. The last note, falling due January 1, 1886, was paid entirely by the defendant in 1889. By the terms of the note the title was reserved to the seller until completed payment of the last note. Upon purchase the machine was taken into the possession of Albert Gerndt for a couple of years, and then delivered to the defendant, who retained possession ever after until its sale. In 1892 the plaintiff purchased his brother's (Albert Gerndt's) interest in the machine by verbal agreement. There is no evidence that he either then or ever paid any part of the purchase price, or that any delivery, actual or symbolical, was made. Plaintiff notified defendant of the fact of his purchase. In 1899 the defendant sold the machine to a stranger for $75, conceded to be its true value. Thereafter, before commencing suit, plaintiff made demand on the defendant for his interest, and thereupon commenced suit, alleging half ownership in the machine, conversion thereof by the defendant, and value of $75, and demanded judgment for $37.50. The only controversy in the evidence was upon plaintiff's statement that he offered in 1896 to pay the defendant one half of what he had paid in satisfaction of the last $50 note, but was refused any recognition. At the close of the evidence each party moved for direction of a verdict, and the court, upon plaintiff's motion, directed a verdict in his favor for $37.50 and interest, for which judgment was rendered, from which the defendant appeals.

F. C. Weed, for the appellant.

For the respondent there was a brief by Wheeler & Van Doren, and oral argument by F. F. Wheeler.

Dodge, J. It is entirely apparent that the stump puller involved in this controversy became the property in common of Albert Gerndt and the defendant, in equal shares, albeit they acquired only an equitable title by reason of the reservation of the legal title to the seller as security for the purchase

price. Up to the time when defendant sold this machine, Albert Gerndt, or the plaintiff, as his grantee, could have recovered possession thereof from the defendant only by reimbursing to him one half of what he had been compelled to pay in preservation of title to the common property. *Allen v. Allen,* 114 Wis. 615, 91 N. W. 218. His payment of the third $50 note was for that purpose. It is spoken of by counsel for appellant as a purchase of an independent title, to which a cotenant might assent or not, in his election. It was not that, but was the payment of a charge which he could not escape, and merely the discharge of what constituted, as between him and his co-owner, an incumbrance upon their common property. Obviously, after he had sold the property, and had its full value in money in his possession, the rights of his cotenant could be no greater. The value of the property stood in lieu thereof. The plaintiff, as an owner of an undivided one-half, was entitled to recover that half of the value of the property under the same circumstances only as he could have recovered possession of the property if it still remained with the defendant; that is, by discharging one half of the expense incurred by defendant in exonerating it from incumbrance. At the utmost, therefore, plaintiff could have been entitled to a recovery of only $12.50, and the direction of a verdict in the sum of $37.50 was erroneous.

Were there nothing else, we might feel inclined to permit plaintiff to remit the error thus embodied in his judgment, but we are confronted by a question, not argued in this court, and apparently not dwelt on in the court below, and which upon another trial may be presented differently; that is, the question whether plaintiff proved any title in himself. The evidence is simply to the effect that he purchased from his brother, by verbal contract, the latter's interest in the stump puller. He testified, "I bought the undivided interest to the amount he said he paid, about $63." This, while somewhat ambiguous, would apparently declare a price of about $63;

at least exceeding $50. By sec. 2308, Stats. 1898, every verbal contract for the sale of any chattels for the price of $50 or more is declared void unless the buyer shall accept and receive part of the goods or pay some part of the purchase money. There is absolutely no evidence that he did either; hence we conclude that we cannot, upon this record, permit the judgment to stand at all, but must reverse it and remand the action for a new trial.

*By the Court.*—Judgment reversed, and cause remanded for new trial.